## EDDY v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1922.)

No. 5956.

1. **Insurance ☞80—Principal held entitled to be fully advised of manner of conduct of business and to have its judgment and instructions prevail.**

Under contract between guaranty company and agent authorized to write indemnity contracts, requiring him to report all risks assumed, keep complete records of business, and conform to all regulations and conditions of company's letters, circulars, and books of instructions, the company had a right to be fully advised as to the manner in which its business was being conducted by the agent, and to have its judgment and instructions, and not those of the agent, prevail.

2. **Insurance ☞80—Guaranty company held entitled to inspect or have risks inspected before issuance of indemnity contracts by agent.**

Under contract between guaranty company and agent authorized to issue indemnity contracts, requiring him to report all risks, keep complete records, and conform to its letters, circulars, and instructions, it had the unquestioned right to inspect or have inspected prospective risks before the issuance of indemnity contracts by the agent.

3. **Injunction ☞60—Principal held entitled to enjoin agent from issuing contracts of indemnity until risks approved by its inspector, and from distributing advertisements not approved by it.**

A guaranty company was entitled to an injunction restraining its agent, authorized to issue indemnity contracts, from issuing certificates in places where it had inspectors until the applicant's premises had been inspected and approved, and from issuing and distributing circulars and literature not submitted to and approved by it.

4. **Injunction ☞60—Principal cannot enjoin agent from refusing to make cancellation of contracts, in absence of imperative necessity.**

In the absence of imperative necessity, a guaranty company cannot enjoin its agent, authorized to make and cancel contracts of indemnity, from refusing to make cancellations when directed to do so by it, at least in the absence of any positive stipulation in the contract imposing this duty on him.

5. **Insurance ☞228—Guaranty company may provide for cancellation of agent's indemnity contracts by others.**

A guaranty company had an undoubted right to provide for the cancellation of indemnity contracts written by an authorized agent, and to impose the duty of making such cancellations on any agent or representative who might wish to assume the task and whom it might empower.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the United States Fidelity & Guaranty Company against Henry W. Eddy. From an interlocutory order granting an injunction, defendant appeals. Modified.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Randolph Laughlin, of St. Louis, Mo. (Thomas T. Fauntleroy, A. L. Abbott, P H. Cullen, and John B. Edwards, all of St. Louis, Mo., on the brief), for appellant.

Thomas M. Pierce and Samuel H. Liberman, both of St. Louis, Mo. (Joseph A. McCullough, of Baltimore, Md., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

POLLOCK, District Judge. This appeal brings up for review an interlocutory order of injunction granted appellee, as complainant below, under the terms and conditions of a written contract entered into between the parties on the 6th day of October, 1917, by the terms of which appellant, defendant below, was appointed as a special agent for a term of 10 years, under the terms, conditions, and provisions therein written. The parties for convenience will be designated as on the record made in the trial court.

There are no disputed questions of fact involved in the case. The entire matter depends upon the true construction of a provision of the contract, viewed as an agency contract, creating a relation of trust and confidence between the parties, such as that relation in law implies. The disputed provision of the contract reads as follows:

"The party of the first part shall report to the party of the second part all risks assumed under the aforesaid specially described policies, and shall keep complete records of all business transacted on behalf of the party of the second part, and shall render to the party of the second part, through its branch office located in the city of St. Louis, state of Missouri, at the close of each month, upon monthly account blanks to be furnished for that purpose by the party of the second part, a statement of all the business procured through the said agency during the current month, and shall make full settlement with the party of the second part, through its branch office in the city of St. Louis, on or before the 15th day of the month succeeding, of all moneys due the party of the second part hereunder, and he shall conform to all the regulations and conditions of the party of the second part's letters, circulars, and books of instructions to its agents and account blanks for the keeping and rendering of accounts. All of the said policies shall be consecutively numbered, and it is agreed that said party of the second part shall at all times have the right to audit the books and accounts of the party of the first part."

It is the contention of defendant this provision of the contract relates solely and alone to the way and manner in which the accounting between his office and that of the complainant and its customers should be kept. As to other matters, such as what risks should be assumed by complainant, or on what terms the same should be canceled, as to the manner in which the business should be conducted, etc., all such matters were beyond the control of complainant and exclusively within the power of the defendant as agent. At the trial, in harmony with that construction which the court placed upon the provision of the contract quoted above, defendant was restrained and enjoined in three particulars, namely:

First. "From issuing certificates of insurance in any places or in any states wherein the plaintiff has branch office inspectors until the premises of the applicants for such certificates of insurance have been inspected by said

inspectors, and until and unless said inspectors have advised the defendant that the risk is satisfactory from the standpoint of the moral and physical hazard involved."

Second. "From refusing to make cancellations of certificates of insurance issued by the defendant, when directed to do so by the plaintiff."

Third. "From issuing and publicly distributing circulars printed and literature in connection with the conduct of the defendant's agency for the plaintiff, unless and until the same have been submitted for approval to the plaintiff, and unless and until the same have been approved by the plaintiff."

Hence this appeal.

[1, 2] Coming now to a consideration of the language of the contract, and the construction it should receive in this case, it must be borne in mind at all times the contract in terms and legal intendment is one creating an agency, in which complainant is the principal and defendant the agent or representative merely; that the business' done under this contract by defendant is the business of complainant, not that of defendant; that the obligations made' with third parties are the obligations of complainant, and not those of defendant. Viewed as an instrument of this character and legal nature, considering it as a contract creating a fiduciary relation, imposing upon defendant the fidelity which the law universally demands of an agent to his principal, and further that the contract is one engaging the personal services of the defendant, terminable at the will of either party, in the absence of an express agreement to the contrary, it must be thought the disputed provision of the contract contemplates more than the mere matter of the keeping of accounts as is contended by defendant. On the contrary, that the disputed provision was incorporated in the contract for the purpose of making certain the principal should be fully advised as to the manner in which its business was being conducted by defendant, and, further, that in the matters therein specified the judgment and instructions of the principal, and not the agent, should prevail. In short, we agree with the construction the learned trial judge has placed upon the disputed provision of this contract. This being the true intent and meaning of the contract, there can be no doubt of the unquestioned right of complainant to inspect or have inspected the risks by it assumed through its agent, the defendant, under the peculiar circumstances of this case, before it should become bounden on indemnity contracts of the nature here disclosed. And more especially is this true under the changed conditions brought about by the Eighteenth Amendment and the Volstead Act (41 Stat. 305) in case of indemnity contract against burglaries of and larceny from drug stores or other like places which may be thought to contain intoxicating liquors.

Again, as the proofs disclose, the defendant has arrogated to himself the exclusive right to issue such indemnity contracts and make them binding upon complainant, his principal, and as he has in his possession the blank forms of such contracts made binding solely at his pleasure and by his signature, it is entirely too evident the form of such circular letters and advertising as was being conducted by defendant without the knowledge or approval of complainant, on many grounds and for many reasons, as we have construed the con-

tract, may not and should not be permitted by complainant, having regard for its duty in the management of its business and corporate affairs, and its good name, and security in the transaction of such business.

[3] Therefore, in so far as ground 1 of the order relating to the right of complainant to make or have made prompt and reasonable inspection of the moral and physical risks it assumes before being obligated thereto by the act of defendant, its agent; and, third, in regard to the circularization and advertisement of the business of complainant in such manner as defendant might desire, without regard to the wishes or approval of complainant, as it had reserved the right to do under the contract, we are of the opinion the order appealed from is just and right, and should be affirmed, and it is accordingly affirmed.

[4] As to the second ground of injunction, that is, that part of the order which restrains defendant from refusing to make cancellation of contracts made by complainant through defendant as its agent, the right of complainant to such order, and, indeed, the very necessity for the same, is a question of more doubt, and for this reason: The order in this part is not in the form of a restraining order on the defendant, forbidding him doing an act injurious to the rights of complainant, but is in form mandatory; that is, made mandatory by restraining defendant from refusing to do an act required of him by complainant as its agent. Now, while there can be no doubt of the right and power of complainant by the form of its contracts of indemnity to reserve the right to cancel the same on such grounds, and for such enumerated causes as are reasonable in their nature, and to make or have made such cancellation when the contingency or cause for cancellation arises, yet that it can impose this duty on defendant by way of enjoining him from refusing to make such cancellation, in the absence of a positive stipulation in the contract to make the same on request of complainant, and this contract nowhere so provides, is involved in grave doubt. Indeed, whether a court of equity should, by way of punishment for contempt of such an order, in the event it should be violated by the agent, attempt the enforcement of even a positive stipulation in a contract for the personal services of an agent, is also involved in much doubt, and should not be resorted to, unless of imperative necessity, if at all, as trenching too closely upon the decreeing specific performance of a contract for the personal services of an agent, by injunction.

[5] As has been stated, the right of complainant to provide for the cancellation of its contracts is undoubted. This being true, it can impose the duty of making such cancellations in fact on any agent or representative who may wish to assume the task and complainant may lawfully empower.

Hence the order on defendant to make cancellation of contract is accordingly set aside, and, so modified, the order of injunction will stand.